UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:16-CR-98-DPJ-FKB

LATOYA YEVETTE EMMONS

ORDER

Defendant Latoya Yevette Emmons seeks a reduction in her sentence. For the following reasons, her Motion for Reconsideration [108] is denied.

I. Background

On March 12, 2018, the Court sentenced Emmons to 100 months imprisonment for possessing a controlled substance with intent to distribute. *See* 21 U.S.C. § 841(a)(1). Since being incarcerated, Emmons has apparently used her time well, receiving 12 certificates for completing educational courses. Based on this "rehabilitative" programming, she now seeks an order reducing her sentence. Def.'s Mot. [108] at 2.

II. Analysis

District courts have limited authority to reduce a sentence once imposed and may not do so unless authorized by statute. *Dillon v. United States*, 560 U.S. 817, 819 (2010). Here, Emmons claims that 18 U.S.C. § 3742(e) allows a court to reduce a sentence based on rehabilitation, and she cites *Pepper v. United States*, 562 U.S. 476 (2011), to support that argument.

Starting with § 3742(e), that statute provided the considerations courts of appeals were required to follow when reviewing sentences imposed by district courts. The statute did not create jurisdiction for a district court to reduce a sentence post-judgment, and it was declared

unconstitutional in *United States v. Booker*, 543 U.S. 220, 265 (2005). Accordingly, "Section 3472(e)[] does not itself provide an independent means to modify [Emmons's] sentence." *United States v. Thornton*, No. 3:14-CR-164-L (03), 2016 WL 8203712, at *1 (N.D. Tex. Aug. 3, 2016) (citing *United States v. Damayo*, No. 1:10-CR-190-1-ODE-AJB, 2015 WL 4092456 (N.D. Ga. July 6, 2015)).

Nor does *Pepper*. 562 U.S. 476. In that case, the Supreme Court held "that when a defendant's sentence has been set aside on appeal, a district court *at resentencing* may consider evidence of the defendant's postsentencing rehabilitation[.]" *Id.* at 481 (emphasis added). Here, Emmons's sentence was not set aside on appeal, and she is not before the Court for resentencing; *Pepper* is inapplicable. *See Thornton*, 2016 WL 8203712, at *1 (concluding that *Pepper* does not allow district courts to reduce sentences based on rehabilitation); *see also United States v. Houston*, No. 3:93-CR-277-N (01), 2019 WL 2251246, at *2 (N.D. Tex. May 1, 2019) (explaining that *Pepper* does not apply "on a motion to reduce a sentence"), *report and recommendation adopted*, 2019 WL 2249720 (N.D. Tex. May 24, 2019). Accordingly, Emmons's arguments do not entitle her to relief.[1]

That said, Emmons is proceeding pro se, so the Court must liberally construe her pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). And while neither § 3472(e) nor *Pepper* provides a basis for the Court to reconsider the sentence, the First Step Act does when "extraordinary and compelling" reasons exist. 18 U.S.C. § 3582(c)(1)(A)(i). But even assuming Emmons's motion can be construed in that light, it still faces two problems. First, an inmate may

---

[1] It is worth noting that Emmons filed what appears to be a form pleading to which she simply added her name, date of incarceration, and the number of certificates she received. *See* Def.'s Mot. [108] at 1. Otherwise, the form seems to be the same as the one the courts rejected in *Thornton*, 2016 WL 8203712 and *Damayo*, 2015 WL 4092456. And for the reasons stated in those case, this motion should be denied as well.

not file a motion under the First Step Act before exhausting administrative remedies through the Federal Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A). There is no indication in the motion that Emmons has done so. Second, Emmons bases her motion entirely on her claim that she has been rehabilitated. *See* Def.'s Mot. [108] at 1–2. Yet "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for sentence reduction. 28 U.S.C. § 994(t). Accordingly, Emmons has not demonstrated a basis for reconsidering her sentence.

III.  Conclusion

Emmons should be commended for productively investing her time while incarcerated. But for the reasons stated, the Court lacks authority to reduce her sentence as she requests. Her motion [108] is therefore denied.

**SO ORDERED AND ADJUDGED** this the 9th day of January, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE