UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                          CRIMINAL NO. 3:16-CR-98-DPJ-FKB

LATOYA YEVETTE EMMONS

ORDER

Defendant Latoya Yevette Emmons has filed a Motion to Change Method by which Balance of Sentence is Served, asking the Court to "allow[] her to serve the remain[der] of her time on home confinement." Mot. [133] at 1. The Government opposes Emmons's request. For the following reasons, Emmons's motion is denied.

I.      Facts and Procedural History

In December 2016, a grand jury indicted Emmons on six drug-trafficking charges. In December 2017, she pleaded guilty to one count of possession with intent to distribute, and on March 12, 2018, the Court sentenced her to 100 months' imprisonment. Emmons is serving her term of incarceration at the Federal Correctional Institution in Aliceville, Alabama ("FCI-Aliceville"). According to the Bureau of Prisons website, her projected release date is January 1, 2025. Fearing she may contract COVID-19 if she remains incarcerated, Emmons, a 37-year-old African-American female, asks the Court to order a compassionate release to home confinement.[1]

II.     Analysis

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

---

[1] As of June 9, 2020, one inmate and three staff members at FCI-Aliceville have active cases of COVID-19. Ten inmates and six staff members there have recovered from the virus. Those numbers have not changed since at least June 1, 2020.

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Government concedes that Emmons exhausted as required by the statute. Resp. [136] at 2. So the sole question is whether, "considering the factors set forth in [§] 3553(a)," "extraordinary and compelling reasons warrant" a reduction in Emmons's sentence, "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

"United States Sentencing Guideline § 1B1.13 is the applicable policy statement related to compassionate release." *United States v. Dunlap*, No. 1:02-CR-165-1, 2020 WL 2062311, at *1 (M.D.N.C. Apr. 29, 2020). That section—which was adopted before Congress authorized defendants to seek relief under § 3582(c) on their own behalves—"essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant 'not be a danger to the safety of any other person or to the community.'" *Id.* (quoting U.S.S.G. § 1B1.13(2)). "The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release . . . ." *Id.* Application Note 1 states:

> Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant --
>
> (i) The defendant is suffering from a terminal illness . . . .
>
> (ii) The defendant is [suffering from a health condition] that substantially diminishes the ability of the defendant to provide self-care within the

2

>   environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)  Age of the Defendant -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C)  Family Circumstances --
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D)  Other reasons -- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

> While [the application note's] "Other Reasons" provision refers to a determination by the Director of the [BOP], "the correct interpretation of § 3582(c)(1)(A)—based on the text, statutory history and structure . . .—is that when a defendant brings a motion for a sentence reduction under the amended provision, the Court can determine whether any extraordinary and compelling reasons other than those delineated in [sections A through C of the application note] warrant granting relief."

*United States v. Echols*, No. 3:15-CR-125-1, 2020 WL 2309255, at *2 (N.D. Miss. May 8, 2020) (quoting *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019)); *see also United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he [Sentencing] Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive given the statutory change.").

Emmons does not contend that her situation is extraordinary or compelling under subsections (A), (B), or (C) of the application note. Instead, she contends that the COVID-19

3

outbreak itself, standing alone, "presents a compelling and extraordinary circumstance that warrants compassionate release to home confinement in [her] case." Reply [138] at 8. The Court agrees with other courts that have considered similar arguments and concluded that "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *United States v. Koons*, No. 16-214-05, 2020 WL 1940570, at *5 (W.D. La. Apr. 21, 2020). Were such concerns sufficient, every federal prisoner would be entitled to a sentence reduction under § 3582(c)(1)(A). Emmons has not demonstrated the presence of extraordinary and compelling reasons to justify a sentence modification.[2]

III.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Emmons's Motion [133] is denied.

**SO ORDERED AND ADJUDGED** this the 10th day of June, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Emmons filed a second, *pro se*, reply after her counsel filed an initial reply on her behalf. In the second reply, Emmons says she "meet[s] several risk factors from CDC guidelines and should be considered for release. Defendant is obese with a BMI of 40+, she is African American, prior smoker, and has high blood pressure although not scene [sic] by BOP doctor for diagnoses." *Pro Se* Reply [139] at 2. Emmons's Presentence Investigative Report fails to substantiate these claims. PSR [65]. Obviously, the PSR is now two years old, but Emmons offers no medical records or other evidence to support her arguments. Moreover, the BOP's mitigation efforts—coupled with the fact that there is only one inmate with COVID-19 at this facility and no reported deaths—militate against a finding of extraordinary and compelling reasons for reducing Emmons's sentence. The Court does not take this decision, or ones like it, lightly. But Emmons could also contract the disease if released to Memphis, Tennessee, where she wants to work while on home confinement. *Pro Se* Reply [139] at 3.